E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MATTHEW O'BRIEN (Cal. Bar No. 261568)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8644
     Facsimile: (213) 894-0141
     E-mail:   Matthew.O'Brien@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-511(A)-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION TO DISMISS COUNTS FIVE THROUGH EIGHT OF THE FIRST SUPERSEDING INDICTMENT AS TO DEFENDANTS BERRY KABOV AND DALIBOR KABOV |
| v. | |
| BERRY KABOV, et al., | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Matthew O'Brien, hereby moves to dismiss Counts Five, Six, Seven, and Eight of the First Superseding Indictment as to defendants BERRY KABOV and DALIBOR KABOV ("defendants").

I.   **PROCEDURAL BACKGROUND**

In 2017, defendants and GLOBAL COMPOUNDING PHARMACY, LLC were convicted following a federal jury trial for distribution of oxycodone and related conspiracy, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Counts 1-4), importation of anabolic steroids and

related conspiracy, in violation of 21 U.S.C. §§ 952 and 960 (Counts 5-8), and other tax and financial offenses. In 2019, the Court sentenced defendants to ten-year prison terms.

Thereafter, defendants filed consolidated appeals challenging their trial convictions. (Ninth Cir. Dkt. Nos. 19-50083 and 19-50089.) In the interim, the Supreme Court decided two cases relevant here: (1) Rehaif v. United States, 139 S. Ct. 2191 (2019), addressing the elements for the felon-in-possession statute, and (2) Ruan v. United States, 597 U.S. 450 (2022), addressing the elements in drug distribution cases against medical professionals.

In July 2023, in a memorandum disposition, the Ninth Circuit "vacate[d] defendants' convictions on the importation counts and remand[ed] for the district court to apply Rehaif and Ruan in the first instance, decide whether the jury was properly instructed in light of those decisions, and for any further proceedings that may be required." United States v. Kabov, 2023 WL 4585957 (9th Cir. July 18, 2023). The Ninth Circuit affirmed defendants' convictions on the remaining counts. In November 2023, the Ninth Circuit issued its mandate in each of defendants' appeals.

On March 11, 2024, defendants filed a certiorari petition in the Supreme Court. Kabov v. United States, No. 23A734. On June 25, 2024, the Supreme Court issued its denial of defendants' petition.

Defendants will be re-sentenced on August 21, 2024.

**II.   THE COURT SHOULD DISMISS COUNTS FIVE THROUGH EIGHT**

The Court should grant the government's request for dismissal of Counts Five through Eight as to defendants. "Separation-of-powers concerns generally require a district court to defer to the government's decision to seek a dismissal of a criminal charge

because a denial of the motion would represent an intrusion upon prosecutorial prerogative." United States v. Gonzalez, 58 F.3d 459, 462 (9th Cir. 1995) (citing United States v. Hayden, 860 F.2d 1483, 1487 (9th Cir. 1988)).  The dismissal of the importation counts will streamline the resolution of this case, including the upcoming re-sentencing on the remaining counts.

Dated: August 2, 2024              Respectfully submitted,

                                         E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

           /s/
MATTHEW O'BRIEN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA